USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 1 8 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
OLGA BATYREVA,

                Plaintiff,

    - against -

NEW YORK CITY DEPARTMENT
OF EDUCATION,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

07 Civ. 4544 (PAC) (DF)

OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se Plaintiff Olga Batyreva ("Plaintiff") brings this action against Defendant New York City Department of Education ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Specifically, Plaintiff claims that Defendant discriminated against her based on her national origin and retaliated against her for filing complaints about the alleged discrimination as well as grading procedures at the school where she worked as a teacher. Defendant moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, in opposing Defendant's motion to dismiss, made a cross-motion to amend her complaint.

This case was referred to Magistrate Judge Debra C. Freeman, who issued her Report and Recommendation ("R&R") on August 12, 2008. The Magistrate Judge provided ten days for written objections, pursuant to Federal Rule of Civil Procedure 72(b), and specifically advised that the failure to file objections "will result in a waiver of objections and will preclude appellate review." (R&R 28). No objections have been filed.

## DISCUSSION

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The Court finds no clear error in Magistrate Judge Freeman's determinations that:

(1) Any claims made by Plaintiff that she was subjected to acts of discrimination or retaliation prior to May 31, 2006 must be dismissed because such claims are barred by the doctrine of collateral estoppel;

(2) Plaintiff's claims that she was retaliated against for complaining about grading procedures must be dismissed because her complaints in this regard did not constitute protected activity under Title VII;

(3) As to the remainder of Plaintiff's claims, Defendant's motion to dismiss should be denied; and

(4) Plaintiff should be afforded the opportunity to amend her complaint as a matter of course, pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, as no responsive pleading has yet been served.

Accordingly, the Court accepts and adopts the Report and Recommendation as its opinion.

## CONCLUSION

Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff has thirty days from the date of this Opinion & Order during which to file an Amended

Complaint.[1]  Pursuant to 28 U.S.C. § 1915(a), I find that any appeal from this order would not be taken in good faith.  Plaintiff did not file objections to the Report and Recommendation, as she was required to do in order to preserve her right to appeal.

The Clerk of the Court is directed to terminate the pending motion to dismiss.  The remaining claims in this case will continue on the docket of Magistrate Judge Freeman for general pretrial (including scheduling, discovery, non-dispositive pretrial motions, and settlement) and dispositive motion (i.e. motion requiring a report and recommendation).

Dated:     New York, New York
           September 18, 2008

SO ORDERED

*Paul A. Crotty* (signature)

PAUL A. CROTTY
United States District Judge

Via Interoffice Mail To:

Magistrate Judge Debra Freeman, Chambers 525

Copies Mailed To:

Olga Batyreva
2007 Surf Avenue #15D
Brooklyn, NY 11229

Ivan A. Mendez, Jr.
NYC Law Department, Office of the Corporation Counsel
100 Church Street
New York, NY 10007

---

[1] The Court takes note of the fact that Plaintiff filed an Amended Complaint in this matter on September 11, 2008, prior to this Court's adoption of Magistrate Judge Freeman's R&R. By means of the present Order & Opinion, the Court holds that this matter should proceed on the basis of Plaintiff's Amended Complaint.

3